**UNITED STATES**

v.

Wayne A. SCHLAUCH, 272 72 5736, Private First Class (E-2), U.S. Marine Corps.

NMCM 85 0670.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 11 May 1984.

Decided 27 June 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LT Rickey P. Roecker, JAGC, USNR, Appellate Defense Counsel.

LCDR David A. Sabot, JAGC, USN, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

PER CURIAM:

We have examined the record of trial, the assignments of error and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

Appellant's contention that he was subjected to an unlawful search of, and seizure from, his person is rejected. While we find interesting the argument of the Government that the search and seizure were but lawful extensions of, and incident to, a lawfully authorized inspection, we do not predicate our decision upon that untested proposition. In resolving the contention of appellant, we adopt the statement of facts briefed by the Government as the facts of the case. During the approximate 45 minutes which transpired between the time appellant reported for purposes of providing a urine specimen and the search of his person, he provided two separate samples, neither of which was sufficient in quantity to conduct a test. After sitting for a period deemed sufficient to enable him to provide an adequate sample, appellant went through the motions of trying to provide a third sample. He was observed moving his crutch (being used by appellant due to a leg injury) under his left arm in an up and down motion and continuously looking over to the monitors of the urinalysis inspection. His conduct, in short, was consistent with the actions of an individual attempting to provide an adulterated or substituted urine specimen. Sergeant (SGT) "B", having been specially trained in recognizing certain methods utilized by persons in attempts to provide substituted specimens, apprehended appellant and ordered him to remove his "cammie" jacket. Once appellant complied, a bulb-type syringe device, containing liquid, was observed taped to his undershirt. A tube from this device ran to appellant's pants. The device was removed by appellant from his person and seized by SGT "B". Appellant was then taken to the First Sergeant's office.

SGT "B" was a person authorized, under Article 7, UCMJ, 10 U.S.C. § 807, to apprehend persons if the requisite probable cause existed. The conduct of appellant, under the totality of the circumstances evidenced to SGT "B", established probable cause for his apprehension. There can be no question but that appellant was apprehended after the device was seized. If probable cause existed before both the apprehension and the search, it is of no moment that the search preceded the apprehension, as long as the apprehension followed shortly after the search. *See Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *United States v. Acosta,* 11 M.J. 307 (C.M.A.1981); 2 La Fave, Search and Seizure, § 5.4(a). We, therefore, find the search of appellant, and seizure of the device in question, to be incident to his lawful apprehension. We reject appellant's contention regarding the illegality of the search and seizure and the inadmissibility of Prosecution Exhibit I.

The facts of record are more than sufficient to convince us beyond reasonable doubt of appellant's guilt of Charge II.

Accordingly, the findings and sentence as approved on review below are affirmed.